Lane, C. J.
In 1831, the case of the town of Marietta v. Fearing, 4 Ohio, 431, was decided in this court, in which it was held, that, since towns are public corporations, the provision in the estray act restrains the operation of their ordinances forbidding animals running at large to those owned by the citizens.
The defendant attempts to place this case on a different footing, because the charter of the town of Harmar, being dated ■ subsequently to the estray act, he infers it works a repeal of the latter, so far as it extends to that town.
^Repeals by implication are not favored. "Wnere two [178 affirmative statutes exist, one is not to be construed to repeal the other by implication, unless they can be reconciled by no mode of interpretation. If they admit of being applied to different subjects, there is no necessity of supposing an implied repeal. There are many cases illustrative of this principle; especially that reported in 9 Cowen, 437, 506. The statute of wills, in New York, prohibits a devise to a corporation. A subsequent act incorporating the Orphan Asylum Society declares that they may purchase real estate. The court held, that the statute of wills was not repealed by the act of incorporation; for although the word purchase, in its most extensive signification includes a devise, yet inasmuch as the right claimed is, by the statute of wills, expressly denied, it would seem to be more congenial to the spirit of both acts, so understand the word purchase in a restricted sense, and as so intended by the legislature.
We feel this to be an analogous case; and that it was not intended by the legislature to give the corporation of Harmar extraordinary corporate powers, since their authority over animals, as expressed by their act of incorporation, well admits being limited to their own citizens.
This whole difficulty is now removed by the act of last winter, by which the restriction upon town corporations is omitted; and no reasons appear why town ordinances now in force do not extend to all animals at large, as well those of non-residents as of citizens.
Judgment reversed.